IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROGER RUTAN,**

    **Petitioner,**

    v.                                      **CASE NO. C-2-03-358**
                                              **JUDGE SMITH**
**MARK HOUK,**                     **MAGISTRATE JUDGE KING**

    **Respondent.**

**OPINION AND ORDER**

On March 3, 2004, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Doc. No. 16. On November 16, 2004, the United States Court of Appeals for the Sixth Circuit denied petitioner's request for a certificate of appealability. Doc. No. 22. On October 21, 2005, the United States Supreme Court denied petitioner's petition for a *writ of certiorari*. Doc. No. 26. This matter is now before the Court on petitioner's motion for reconsideration of the Court's March 3, 2004, final judgment dismissing his §2254 petition, and his request to proceed *in forma pauperis.* Doc. Nos. 28, 29. For the reasons that follow, petitioner's requests are **DENIED.**

Federal Rule of Civil Procedure 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise

> vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken

Petitioner asserts in his motion that this Court should reconsider the dismissal of petitioner's habeas corpus petition as time-barred in view of *Griffin v. Rogers*, 399 F.3d 626 (6th Cir. 2005), which, petitioner contends, should be retroactively applied to grant relief in this case.  The Court is not persuaded by petitioner's argument.

In *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2648 (2005), the United States Supreme Court held that, where the petitioner argues that the District Court misapplied the statute of limitations, such motion may be considered under Federal Rule of Civil Procedure 60(b), rather than deemed a successive petition.  In *Gonzalez,* the petitioner similarly argued that relief from final judgment dismissing his habeas corpus petition as time-barred was warranted due to a subsequent change in the  interpretation of the tolling provision of  28 U.S.C. §2244(d)(2).  The Supreme Court denied relief as follows:

> Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition....
>
> [W]e nonetheless affirm ... [the] denial of petitioner's Rule 60(b) motion.
>
> Petitioner's only ground for reopening the judgment denying his first federal habeas petition is that our decision in *Artuz* showed the error of the District Court's statute-of-limitations ruling. We assume for present purposes that the District Court's ruling was incorrect.... As we noted above, however, relief under Rule 60(b)(6)--the only subsection petitioner invokes--requires a showing of "extraordinary circumstances." Petitioner contends that *Artuz's* change in the interpretation of the AEDPA statute of limitations meets this description. We do not agree. The District Court's interpretation was

2

> by all appearances correct under the ... then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation. Although our constructions of federal statutes customarily apply to all cases then pending on direct review, *see, e.g., Harper v. Virginia Dept. of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final. [FN9] If *Artuz* justified reopening long-ago dismissals based on a lower court's unduly parsimonious interpretation of § 2244(d)(2), then *Pace v. DiGuglielmo,* 544 U.S. ----, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), would justify reopening long-ago grants of habeas relief based on a lower court's unduly generous interpretation of the same tolling provision.
>
> FN9. A change in the interpretation of a substantive statute may have consequences for cases that have already reached final judgment, particularly in the criminal context. *See Bousley v. United States*, 523 U.S. 614, 619-621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *cf. Fiore v. White,* 531 U.S. 225, 228-229, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) *(per curiam)*.

*Id*., at 2650-51 (footnote omitted).  Petitioner likewise has failed to demonstrate any extraordinary circumstances that would justify relief pursuant to Federal Rule of Civil Procedure 60(b).  Further, the circumstances in *Griffin v. Rogers, supra*, are not present in this case.  *Griffin* involved a petitioner who initially filed a timely habeas corpus petition, and thereafter was barred by the statute of limitations from refiling after exhausting state court remedies.  Here, in contrast, petitioner's first filed habeas corpus petition, subsequently dismissed as unexhausted, was not timely.  *See Report and Recommendation*, at 6, Doc. No. 12.

In view of all of the foregoing, petitioner's motion for relief from judgment, Doc. No. 29, is **DENIED.**  Petitioner's request to proceed *in forma pauperis,* Doc. No. 28, likewise is **DENIED**, as no proceeding is currently pending or anticipated in this case.

**IT IS SO ORDERED**.

3

    /s/ George C. Smith
GEORGE C. SMITH
United States District Judge